**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>IGNITE RESTAURANT GROUP, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 17-33550 (DRJ)<br><br>(Jointly Administered) |
| DRIVETRAIN, LLC, as Trustee of the Ignite Restaurant Group GUC Trust,<br><br>Plaintiff,<br>v.<br><br>UNIVERSAL MCCANN WORLDWIDE, INC.,<br><br>Defendant. | Adversary No. 19-03505 |

**ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSAL MCCANN
WORLDWIDE, INC. TO COMPLAINT FOR AVOIDANCE AND
RECOVERY OF PREFERENTIAL TRANSFERS**

Universal McCann Worldwide, Inc. ("Defendant"), by and through its undersigned

counsel, answers the Complaint (the "Complaint") filed by Drivetrain, LLC, as Trustee of the

Ignite Restaurant Group GUC Trust in the above-captioned adversary proceeding, as follows:

**NATURE OF  THIS ACTION**

1.      The allegations in paragraph 1 of the Complaint are admitted.

2.      The statements within paragraph 2 of the Complaint are based upon a written

document (the Complaint) that speaks for itself and, therefore, it appears no response is required.

To the extent a response is required, the allegations contained in paragraph 2 of the Complaint

are denied. It is specifically denied that Defendant received any preferential transfers.

## THE PARTIES

3.      With regard to paragraph 3 of the Complaint, Defendant admits that on December 1, 2017, the Court entered the Confirmation Order confirming the Debtors' Joint Chapter 11 Plan as of September 8, 2017 and those documents speak for themselves. To the extent the paragraph makes a legal conclusion, no response is required.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and, on that basis, denies each and every remaining allegation contained therein.

4.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, on that basis, denies each and every allegation contained therein.  To the extent the paragraph makes a legal conclusion, no response is required.

5.      The allegations in paragraph 5 of the Complaint are admitted.

## JURISDICTION AND VENUE

6.      The allegations in paragraph 6 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, on that basis, denies each and every allegation contained therein. Pursuant to Local Bankruptcy Rule, 7012-1 and the Federal Rules of Bankruptcy Procedure, Defendant states that it does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.      The allegations in paragraph 7 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this district.

8.      The allegations in paragraph 8 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, on that basis, denies each and every allegation contained therein.

9.      The allegations in paragraph 9 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, on that basis, denies each and every allegation contained therein. Pursuant to Local Bankruptcy Rule 7012-1 and the Federal Rules of Bankruptcy Procedure, Defendant states that it does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND FACTS

10.      Defendant admits only that the Debtors maintained the restaurant brands, Joe's Crab Shack and Brick House Tavern + Tap that offered food and beverages. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and, on that basis, denies each and every remaining allegation contained therein.

11.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, on that basis, denies each and every allegation contained therein.

12.     The allegations in paragraph 12 of the Complaint are admitted in part and denied in part.  It is admitted only that the Defendant, in the course of its business operations, received certain payments pertaining to the invoice numbers identified on Exhibit A to the Complaint prior to the Petition Date, including during the 90 day period immediately preceding the Petition Date. Defendant denies that the total amount of payments, the amount of each payment, the payment dates, and other payment details alleged on Exhibit A to the Complaint are completely accurate. Furthermore, Defendant lacks information or knowledge sufficient to admit or deny allegations regarding the identity of the party making the alleged transfer to Defendant and Defendant therefore denies said allegations regarding the identity of the party or parties making each of the alleged transfers. By way of further answer, it is noted that Defendant entered a Media Services Agreement with Crab Addision, Inc., effective January 1, 2016 pursuant to which Defendant was appointed agent to the "Company" identified therein as Crab Addison, Inc. d/b/a Joes Crab Shack, and was to provide services to the Company as set forth therein. Footnote 1 to the Complaint does not identify Crab Addison, Inc. as one of the Debtors.  To the extent any of the alleged payments were made by one or more of the Debtors, it is denied that the mere receipt of said payments resulted in Defendant being a creditor of the Debtors. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and, on that basis, denies each and every remaining allegation contained therein.

## FIRST CLAIM FOR RELIEF
### (Avoidable Transfers - 11 U.S.C. § 547)

13.     Defendant incorporates all preceding responses above as if fully set forth herein.

14.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, on that basis, denies each and every allegation contained therein. By way of further answer, see the response in paragraph 12 above which is incorporated herein. To the extent a further response is required, the allegations in paragraph 14 of the Complaint are denied.

15.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, on that basis, denies each and every allegation contained therein. By way of further answer, see the response in paragraph 12 above which is incorporated herein. To the extent a further response is required, the allegations in paragraph 15 of the Complaint are denied.

16.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, on that basis, denies each and every allegation contained therein. By way of further answer, see the response in paragraph 12 above which is incorporated herein. To the extent a further response is required, the allegations in paragraph 16 of the Complaint are denied.

17.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, on that basis, denies each and every allegation contained therein. By way of further answer, see the response in paragraph 12 above which is incorporated herein. To the extent a further response is required, the allegations in paragraph 17 of the Complaint are denied.

18.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, on that basis, denies each and every allegation contained therein. By way of further answer, see the response in paragraph 12 above which is incorporated herein. To the extent a further response is required, the allegations in paragraph 18 of the Complaint are denied.

19.     The allegations in paragraph 19 of the Complaint are denied.

## SECOND CLAIM FOR RELIEF
### (Recovery of Property – 11 U.S.C. § 550)

20.     Defendant incorporates all preceding responses above as if fully set forth herein.

21.     The allegations in paragraph 21 of the Complaint are denied. To the extent that Defendant received the alleged Transfers, Defendant did not have dominion or control over them. As such, Defendant denies that it is the initial transferee, or the immediate or mediate transferee with regard to any of the alleged transfers that it received.

22.     The allegations in paragraph 22 of the Complaint are denied. To the extent that Defendant received the alleged Transfers, Defendant did not have dominion and control over each of the Transfers, nor a legal right to use the proceeds of such Transfers for its own purpose.

23.     The allegations in paragraph 23 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The transfers alleged in the Complaint, to the extent they occurred and were on account of an antecedent debt, were on account of a debt incurred by the Debtor in the ordinary course of business or financial affairs of one or more of the Debtor and Defendant, and were made in the ordinary course of business or financial affairs of the Debtor and Defendant or according to

ORIGINAL ANSWER                                                                                    PAGE 6 OF 10

ordinary business terms.  Such transfers, therefore, are not subject to avoidance.  11 U.S.C. § 547(c)(2).

## SECOND AFFIRMATIVE DEFENSE

To the extent that any of the transfers alleged in the Complaint occurred, after each such transfer occurred, Defendant gave new value to or for the benefit of one or more of the Debtors which was not secured by an otherwise unavoidable security interest, and was on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant. Such transfers, therefore, are not subject to avoidance.  11 U.S.C. § 547(c)(4).

## THIRD AFFIRMATIVE DEFENSE

To the extent that any of the transfers alleged in the Complaint occurred, and were intended by one or more of the Debtor and Defendant to be a contemporaneous exchange for new value given to one or more of the Debtor, and were in fact a substantially contemporaneous exchange, such transfers are not subject to avoidance. 11 U.S.C. § 547(c)(1).

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. Among other things, the Plaintiff has failed to specifically allege the Debtor entity that made each alleged transfer, the insolvency of the Debtor entity alleged to have made each alleged transfer, and the nature of the antecedent debt.  Additionally, the Complaint appears to base its insolvency claim on all the Debtors being collectively insolvent rather than the specific debtor which is alleged to have made the transfers.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to bring the claims in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to Defendant's rights of setoff and recoupment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff should be denied recovery on the alleged transfers based on the defenses of accord and satisfaction, estoppel, waiver, release, laches and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent the transfers alleged in the Complaint occurred and Defendant acted as a conduit between the Debtors and a third party not having dominion or control over the transfers, Defendant was not an "initial transferee," "mediate transferee," or "immediate transferee" pursuant to Section 550 of the Bankruptcy Code. Therefore, such transfers are not subject to avoidance.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff may not recover on its claims to the extent they are barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

To the extent the alleged transfers occurred and were not on account of an antecedent debt, they are not avoidable.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they occurred, are not avoidable by the Plaintiff to the extent they are protected by the earmarking doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that a contract existed between Defendant and the Debtor, and was assumed, or assumed and assigned, by the Plaintiffs or the Debtors under 11 U.S.C. § 365, the Plaintiffs are estopped from pursuing the claims asserted in the Complaint.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

To the extent the Defendant held a statutory, inchoate, or other lien relating to the work performed and/or material provided, the alleged transfers are not avoidable.

## <u>RESERVATION OF RIGHTS</u>

Defendant reserves the right to assert any claims or other defenses as may be available, or become available to Defendant during the course of discovery and specifically reserves the right to amend its answer to allege such defenses as they become known.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Defendant prays this Court make and enter an order dismissing this action with prejudice, assessing costs against the Plaintiff, and awarding any other relief the Court deems appropriate.

\

\

\

\

\

\

\

\

\

\

\

Respectfully submitted,

Dated: July 1, 2019                    **HIGIER ALLEN & LAUTIN, P.C.**


By: */s/ Jason T. Rodriguez*
Jason T. Rodriguez (TX Bar No. 24042827)
2711 N. Haskell Ave. | Suite 2400
Dallas, TX  75204
Telephone:  972.759.1359
Email:  jrodriguez@higierallen.com

-and-

**AUSTRIA LEGAL, LLC**
Matthew P. Austria (*pro hac* pending)
1007 N. Orange Street, 4th Floor
Wilmington, DE  19801
Telephone: (302) 521-5197
 Email: maustria@australlc.com

*Counsel for Defendant Universal McCann Worldwide, Inc.*